UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| WILLARD KING, ) <br> ) <br> Petitioner ) <br> ) <br> vs. ) <br> ) <br> UNITED STATES OF AMERICA, ) <br> ) <br> Respondent ) | CAUSE NO. 3:10-CV-436 RM <br> (Arising out of 3:07-CR-115(01) RM) |

## OPINION and ORDER

Willard King pleaded guilty to distributing cocaine, a Schedule II controlled substance, in violation of 21 U.S.C. 841 § (a)(1) (Count 4 of a four count indictment), and was sentenced to 121 months' imprisonment, to be followed by a 3-year term of supervised release. Mr. King is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. King's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. The plea agreement, signed by Mr. King, his attorney Thomas Strickler, and Assistant United States Attorney William Grimmer contains the following language in paragraph 7(n):

> I understand that the law gives a convicted person the right to appeal the conviction and the sentence imposed; I also understand that no one can predict the precise sentence that will be imposed, and that the Court has jurisdiction and authority to inmpose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement; with this understanding and in consideration of the government's entry into this plea agreement, I expressly waive my right to appeal or to contest my conviction and my sentence, or the manner in which my conviction or my sentence was determined or imposed, to any Court on any ground, including any claim of ineffective assistance of counsel unless the claimed ineffective assistance of counsel relates directly to this waiver or its negotiation, including any appeal under Title 18, United States Code, Section 3742 or any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. King challenges his sentence based on his claims that he received ineffective assistance of counsel because his counsel didn't "effectively contest" the government's allegations of relevant conduct, and that but for counsel's ineffectiveness he would have received a reduction in his offense level for acceptance of responsibility under U.S.S.G. 3E1.1.

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as

2

mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement, Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000), or when the sentence is in excess of the statutory maximum sentence for the offense of conviction. United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005).

Mr. King said at his change of plea hearing that he told his attorney everything counsel needed to know to represent him in this case, that his plea was knowing and voluntary, that no one had used any force or made any threats to get him to plead guilty, that he read and had discussed the plea agreement with his counsel prior to the plea hearing, that he was guilty of the charge contained in Count 4 of the Indictment, and that he was satisfied with the representation his attorney had provided. Mr. King answered specific questions from the court about the waiver provision of his plea agreement:

> THE COURT: Now, as I understand it, you're aware that people who are sentenced in federal court ordinarily have the right to appeal their sentence. But as I understand it, as part of your plea agreement, you're giving up that right to appeal and also giving up the right to file any later petition for post-conviction relief or writ of habeas corpus or anything like that challenging your conviction or your sentence.
>
> MR. KING: Yes, sir.
>
> THE COURT: And that's an important provision, so let me be sure we all understand that one the same way. As I understand it, that means that if I do anything from here on out, if I do anything with respect to this case that you don't think was right, or Mr. Grimmer or anyone else in his office ere to do anything with respect

3

to the case that you didn't think was right, or if Mr. Strickler in trying to represent you were to do anything with respect to the case that you didn't think was right, even if whatever went wrong meant your sentence turned out to be longer than it should have been, once I impose the sentence at the sentencing hearing, you wouldn't be able to complain about whatever went wrong to this court or to any other court. Is that how you understand that?

MR. KING: Yes, sir.

Plea Hrg. Tr. at pp. 19-20 [Doc. No. 48].

Mr. King hasn't challenged the plea agreement's waiver provision nor has he claimed that his counsel was ineffective in negotiating the waiver. Instead, he challenges the sentence imposed, claiming that he was entitled to a reduction for acceptance of responsibility.

Mr. King's sworn statements at his change of plea hearing are presumed to be truthful when determining whether his plea was knowing and voluntary. Bridgeman v. United States, 229 F.3d 589, 592 (7th Cir. 2000). The record supports a finding that Mr. King's guilty plea was "a voluntary and intelligent choice among the alternate courses of actions open to him." Berkey v. United States, 318 F.3d 768, 773 (7th Cir. 2003) (*quoting* North Carolina v. Alford, 400 U.S. 25, 31 (1970)). The plea agreement clearly and unambiguously sets forth the wavier of his right to appeal and file a § 2255 petition, the court explained the waiver to Mr. King during the plea colloquy, and Mr. King acknowledged that he understood. Because Mr. King's plea was informed and voluntary, the waiver of his right to appeal or file a § 2255 petition "must be enforced." Nunez v. United States, 546 F.3d 450, 453 (7th Cir. 2008).

4

Mr. King's claim that he was denied an offense level reduction for acceptance of responsibility doesn't relate to the negotiation of the waiver of his right to appeal, so his claim is foreclosed by the plea agreement, in which Mr. King expressly waived his right to appeal or challenge his conviction and sentence and the manner in which the conviction and sentence were determined or imposed. United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

To the extent Mr. King's claims relating to ineffective assistance of counsel might be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. King] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that 'the [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. King] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. King] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. King hasn't alleged he wouldn't have pleaded guilty had his attorney acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have

5

created a reasonable probability of a different outcome, he hasn't outlined facts that could show a reasonable probability that the results in his case would have been different but for counsel's error, and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. King hasn't carried his burden with respect to the prejudice prong.

Accordingly, the court SUMMARILY DISMISSES Mr. King's 28 U.S.C. § 2255 petition [Doc. No. 90].

SO ORDERED.

ENTERED:   November 1, 2010


                                        /s/ Robert L. Miller, Jr.
                                        Judge
                                        United States District Court

cc:    W. King
       AUSA Grimmer